IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 7:11-cv-411 |
| v. | ) ) | |
| CHARLES PATRICK KING, et al., | ) ) ) | By: Hon. Robert S. Ballou United States Magistrate Judge |
| Defendants. | ) ) ) | |

**REPORT AND RECOMMENDATION**

This insurance interpleader case is before me by previous order referring all motions for proposed findings of fact, conclusions of law, and a recommended disposition. The parties have now filed a joint motion to dismiss this action, having reached a mutual resolution of all issues, requesting that the court: (1) find that Hartford Life and Accident Insurance Company ("Hartford") properly filed this interpleader action under Fed. R. Civ. P. 22; (2) enjoin all potential claims against Hartford for payment of benefits under its insurance policies at issue; and (3) disburse the interpleaded funds consistent with the parties' agreement. For the reasons stated herein, I recommend that the court grant the motion and grant to the parties the relief sought.

**I.**

On August 26, 2011, Hartford filed a Complaint for Interpleader against Charles P. King, Joan E. Gnegy, and the Estate of Ann Gnegy King ("the Estate"), under Rule 22(a)(1) of the Federal Rules of Civil Procedure, as a stakeholder of the benefits payable under two group

insurance policies, a life insurance policy (the "Life Policy") and a group accidental death and dismemberment policy (the "AD&D Policy"), as a consequence of the death of Ann Gnegy King.[1] Hartford paid into the registry of this court the total sum of $156,997.53, representing the total death benefits payable under both the Life Policy and the AD&D Policy along with all accrued interest through the date of deposit into the court. (Dkt. # 5, 9.)

The Life Policy provided for payment of the death benefit first to the designated beneficiary. The policy further provided that if the beneficiary does not survive Ann Gnegy King, then the death benefit is paid to the executors or administrators of her estate or then to certain surviving relatives. The AD&D Policy provided for the payment of any death benefit first according to the beneficiary designation and then to the estate of Ann Gnegy King. (Dkt. #1, Ex. A and B.) Ann Gnegy King designated Charles King, her husband, as the sole beneficiary to receive death benefits under both policies (Dkt. #1, ¶18.)

The complaint alleges that Ann Gnegy King was killed on April 29, 2009, while inside her home. The death certificate lists her cause of death as "[a]sphyxia by suffocation and blunt injuries to the head." (Dkt. #1, Ex. C.) The death certificate states that the injuries stemmed from an "[a]ssault [] by another." Id. Ann Gnegy King's husband, Charles King, was the sole named beneficiary under the two group insurance policies. Ann Gnegy King has no children, and Joan Gnegy is her only surviving parent. (Dkt. #1, ¶ 19.)

On May 28, 2009, Hartford received a claim from Charles King seeking benefits under the life policy as the designated beneficiary. After receiving Charles King's claim, Hartford contacted the Christiansburg Police Department and the Commonwealth's Attorney's office for Montgomery County on multiple occasions and "[o]n all such occasions, Hartford Life was

---

[1] These facts are adapted from the District Judge's recitation in his Memorandum Opinion dated April 30, 2012. (Dkt. #30).

informed that Charles King was a suspect in the homicide investigation. As of mid-July 2011, Hartford Life was informed that Charles King has not been ruled out as a suspect, and that the investigation is ongoing." (Dkt. #1, ¶ 23.)

Hartford contends in paragraphs 25 through 29 of the complaint that it has appropriately filed this interpleader action under proceeding under Rule 22 making the following averments:

> 25. Hartford Life is unsure of the proper and lawful beneficiary to the benefits under the Life Policy and AD&D Policy. Hartford Life does not dispute that these benefits are due.
>
> 26. There are two or more claimants, who either are demanding or may demand the benefits payable under the policies. These claims would be adverse to one another and raise questions of fact and law that could not be resolved by Hartford Life without exposing it to the danger of additional litigation and/or multiple liability.
>
> 27. More specifically, in the event that Charles King is determined to be a "slayer" of Ann King under either federal or Virginia law, Hartford Life has a bona fide concern that payment to Charles King would subject it to additional litigation with and/or liability to Joan Gnegy, the Estate, and/or other claimants who may file claims seeking payment under the policies.
>
> 28. In the event that Charles King is determined to be a slayer, and therefore adjudged to have predeceased Ann King, Joan Gnegy, as Ann King's mother, would have a claim to the benefits payable under the Life Policy. Joan Gnegy likely would also be the ultimate recipient of the AD&D Policy benefits payable to the Estate (as well as any Life Policy benefits payable to the Estate).
>
> 29. Hartford Life is a disinterested stakeholder to this action, standing neutral as to any party that may claim entitlement to the benefits payable under the Life Policy and AD&D Policy. By way of this interpleader action, Hartford Life seeks certainty regarding the parties' respective rights to the benefits payable under these policies, as well as a discharge of Hartford Life's obligations under the policies.

(Dkt. #1, ¶¶ 25-29.) Thus, Hartford asserts, it is unsure of the proper and lawful beneficiary of Ann Gnegy King's life and AD&D policies and believes that paying the policy benefits to

3

Charles King could subject it to additional litigation and/or liability if he is determined as the slayer to of Ann Gnegy King under federal or Virginia law.

Charles King answered the complaint asserting that Hartford "does owe the benefits to this defendant and no other beneficiary, as he is not responsible in any way for the death of his wife and, accordingly, is the only claimant entitled to receive money under that policy." (Dkt. #8, ¶ 5.) Charles King filed a separate Answer as the Executor of the Estate of Ann Gnegy King, reinforcing Charles King's personal claim to the monies. (Dkt. #14, ¶ 6.) The only other named defendant, Joan Gnegy, was served with the lawsuit and is plainly aware of its pendency, but has not filed an answer.

Hartford filed a Motion for Summary Judgment, requesting that the court dismiss Hartford with prejudice from this action, enter a permanent injunction pursuant to 28 U.S.C. § 2361, and award its reasonable attorneys' fees and costs from the interpleaded funds. (Dkt. # 15.) In turn, Charles King filed a Motion for Default Judgment asking that, since there were no other claims against the insurance proceeds, the court direct that all interpleaded funds be paid to him. (Dkt. #17.) Charles King also filed a Motion for Summary Judgment stating "that he is the only defendant who has filed an Answer to the Interpleader, is the named entitled beneficiary under the policy . . . , and there is no reason to not award the proceeds of that policy to him." (Dkt. #21.)

The court held oral argument on Hartford and Charles King's motions on January 13, 2012. At that hearing, the court raised three issues: (1) whether the court has subject matter jurisdiction over the case; (2) whether, given the fact that Joan Gnegy had not filed an answer, the case involves competing claims, meeting the requirements of Rule 22; and (3) whether a

4

Case 7:11-cv-00411-MFU-RSB   Document 52   Filed 02/06/13   Page 4 of 11   Pageid#: 331

conflict of interest exists for counsel to represent both Charles King, individually, and the Estate of Ann Gnegy King.[2]

The district court issued its Memorandum Opinion dated April 30, 2012, finding that it had diversity jurisdiction over this case, but that questions remained whether there were adverse claims to the interpleaded funds as required by Rule 22. The court also entered default as to Joan Gnegy, under Rule 55(a). The court then referred this matter to me to hold an evidentiary hearing, and submit proposed findings of fact, conclusions of law, and a recommended disposition with regard to whether adverse and competing claims exist such that a case or controversy exists for the interpleaded funds under Rule 22 and § 1332, and whether the Virginia slayer statutes, Va. Code § 55-401 et. seq., preclude Charles King from recovering the interpleaded death benefits.

On November 13, 2012, Charles King filed the Last Will and Testament of Ann Gnegy King. (Dkt. # 40.) The Will appoints Charles King as executor, nominates Rebecca Reed as substitute executor and leaves the residuary estate to Charles King. Notably, the Will designates that if Charles King predeceases Ann King, the residuary estate passes to Ann King's five nieces and nephews. Joan Gnegy does not take under the Will.

On October 5, 2012, Rebecca Reed was substituted as the Executor/Administrator of the Estate of Ann Gnegy King. On October 17, 2012, the Estate of Ann Gnegy King, by its Executor/Administrator Rebecca Reed, filed a Notice of Claim for the insurance proceeds deposited with the court by Hartford. (Dkt. # 46.) The parties have now filed a joint motion to dismiss this interpleader action representing that they have settled and compromised all matters

---

[2] Charles King appeared in this action as the executor of the Estate of Ann Gnegy King, deceased. Hartford initiated this action against the Estate of Ann Gnegy King, which is a nullity. See Idoux v. Estate of Helou, 279 Va. 548, 553, 691 S.E.2d 773, 776 (2010) (holding that Virginia statutes do not authorize an action against an "estate"). Accordingly, the court substituted Charles King, Executor of the Estate of Ann Gnegy King as the proper party defendant in place of the Estate of Ann Gnegy King.

in dispute. Specifically, the parties request that the court find that Hartford properly brought this action under Fed. R. Civ. P. 22, that the court issue a permanent injunction against any other person or party seeking to assert a claim to the insurance benefits, that Hartford be paid its costs and fees incurred in bringing this action, and that the court order disbursal of the remainder of the interpleaded funds to the executor of the estate of Ann Gnegy King.

## II.

"An interpleader action typically involves two stages. 'In the first stage [the court] must determine whether the stakeholder is entitled to invoke the Court's interpleader jurisdiction to compel the plaintiffs to litigate their claims to the stake in one proceeding. In the second stage, [the court] must determine the respective rights of the claimants to the stake." Federal Ins. Co. v. Parnell, 2009 WL 2848667, at *4 (W.D. Va. Sept. 3, 2009)(citing Crider v. Taylor, 1989 U.S. Dist. LEXIS 18104, at *8 (W.D. Va. Nov. 13, 1989)).

"During this first stage, 'the Court considers whether: (1) it has jurisdiction over the suit; (2) a single fund is at issue; (3) there are adverse claimants to the fund; (4) the stakeholder is actually threatened with multiple liability; and (5) equitable concerns prevent the use of interpleader.'" Banner Life Ins. Co. v. Jones, 2011 WL 4565352, at * 6 (E.D. Va. Sept. 29, 2011) (citing United States v. High Tech. Prods., Inc., 497 F.3d 637, 641 (6th Cir. 2007)).

If interpleader is proper, the Court may dismiss the stakeholder with prejudice and discharge it from all liability with respect to the deposited funds, and prohibit the claimants from initiating or pursuing any action or proceeding against the stakeholder regarding the relevant insurance policy or plan. Metropolitan Life Ins. Co. v. Vines, 2011 WL 2133340, at *2 (D. Md. May 25, 2011). During the second stage, the case determines the rights of the claimants to the

6

interpleaded fund, and the case follows a more normal litigation process, including, discovery, motions, and trial. Id.

The district court found in its memorandum opinion that Hartford properly invoked the court's diversity jurisdiction under Rule 22, but questions lingered as to whether Hartford faced adverse claims as to the interpleaded funds, because Charles King was the only person to assert a claim of right to the insurance proceeds. This court provided Joan Gnegy an adequate opportunity to file a claim, having entered an order on July 11, 2012 directing that any interested party must assert a claim to the interpleaded funds no later than August 20, 2012. Joan Gnegy received this order by certified mail, but never filed any pleadings or otherwise took any affirmative steps to assert a claim in this action. On October 17, 2012, Rebecca Reed, the substituted Executor of the Estate of Ann Gnegy King, gave notice that its claim for the proceeds of the insurance monies interpleaded by Hartford. (Dkt. #46.)

The court finds that the persons entitled to assert claims for the insurance proceeds are Charles King, as the designated beneficiary under both insurance policies, and the Estate of Ann Gnegy King. Charles King is the primary beneficiary under Ann Gnegy King's Will, but he will not take under either insurance policy or the Will if he is determined to be his wife's slayer. In that event, the insurance proceeds are payable to the Estate and the secondary beneficiaries of the will- Ann Gnegy King's surviving nieces and nephews and their descendants. As such, the court finds that Joan Gnegy has no enforceable interest in the interpleaded funds.

The court finds that by virtue of Rebecca Reed, Executor, having asserted a claim for the death benefits of the insurance policies, there are now two or more adverse and competing claims for those benefits. This action is, therefore, appropriate for interpleader under Rule 22, and Hartford should be dismissed from this action.

7

The existence of adverse and competing claims to the death benefits under both policies subjects Hartford to multiple or inconsistent liability. District courts have the authority to enter broad injunctions enjoining all other litigation affecting the same money or property under 28 U.S.C. § 2361. Here, Hartford has interplead the full amount it may owe under both policies, and is entitled "to obtain 'a discharge ... from further liability' with prejudice, as well as a permanent injunction restraining claimants 'from instituting or prosecuting any proceeding in any State or United States court affecting'" both insurance policies for which Hartford has interpleaded its funds. Fed. Ins. Co. v. Parnell, 2009 WL 2848667 (W.D. Va. Sept. 3, 2009).

Accordingly, it is **RECOMMENDED** that Hartford be discharged and dismissed from the action. It is further **RECOMMENDED** that an injunction issue enjoining all other litigation affecting the insurance proceeds at issue.

The parties reported to the court that they have settled all matters in dispute and have requested that the court authorize the payment of an agreed amount from the interpleaded funds to Hartford's counsel in attorney's fees and costs for having initiated this action. They further ask that the court order payment of the remaining funds held by the court to the Executor for disbursal in accordance with the private agreement of the parties.

A district court has the discretion to award attorneys' fees to a stakeholder in an interpleader action when it is fair and equitable. Jefferson Pilot Fin. Ins. Co. v. Buckley, 2005 WL 221076, at *2 (E.D. Va. Jan. 13, 2005). The theory behind such an award is that plaintiff, by seeking resolution of the multiple claims to the proceeds, benefits the claimants, and that plaintiff should not have to absorb attorneys' fees to avoid the possibility of multiple litigation. Reliastar Life Ins. Co. of N.Y., 2006 WL 733968, at *9 (citations omitted.) However, such fees and costs are not granted as a matter of course. Sun Life Assur. Co. of Canada v. Grose, 466 F.Sup.2d

714, 717 (W.D. Va. 2006)(citing Weber v. Rivanna Solid Waste Auth., 2001 WL 1516737, at *2 (W.D. Va. Nov. 21, 2001)).  The "test for determining attorneys' fees in an interpleader action is less rigorous than the more elaborate factors used to consider fee awards in…other contexts… In an interpleader action, the broad rule is reasonableness." Id. (quoting Powell Valley Bankshares, Inc. v. Wynn, 2002 WL 728348, at *2, n. 2 (W.D. Va. Apr. 11, 2002)).  In this action, Hartford incurred the costs of filing the interpleader as well as several hearings to determine whether other claimants intended to assert claims against the settlement funds.  The parties have filed a joint motion through which they voice no objection to an award to Hartford of attorney's fees and costs in the amount of $20,660.67.  There being agreement among the parties interested in the interpleader fund as to the payment to Hartford, the court finds that the appropriate award of attorney's fees and costs is $20,660.67.  See Lutheran Brotherhood v. Comyne, 216 F.2d 859, 864 (E.D. WI 2002).

      The parties have reached a settlement regarding the distribution of the remaining interpleaded funds.  That agreement is not before the court, and no requirement exists that the court approve the specific distribution of the interpleaded funds beyond directing the payment in accordance with the joint request of the parties and assuring adequate notice to any other potential claimants.  In that regard, the court has concluded that Joan Gnegy does not have a claim which she can assert for the death benefits of either Hartford policy.  Nevertheless, because Hartford named Joan Gnegy as a party to this interpleader action, the clerk is directed to send this Report and Recommendation to Ms. Gnegy by certified mail so that she has notice of the proposed dismissal of this interpleader and disbursement of funds.  Ms. Gnegy can submit any objections, if she be so advised, as provided under 28 U.S.C. § 636 or Fed. R. Civ. P. 72.

9

Thus, it is **RECOMMENDED** that the court grant the joint motion to pay from the interpleaded funds the attorney's fees and costs incurred in the amount of $20,660.67 by Hartford in filing this action, and disbursing the remaining funds to the Executor of the Estate of Ann Gnegy King.

## RECOMMENDED DISPOSITION

Having considered the record fully and carefully, and for the reasons stated in this report and recommendation, I recommend the following disposition of this matter.

1. The court grant the motion for summary judgment of Hartford finding that this action is properly filed under Fed. R. Civ. P. 22.

2. The court enter an injunction permanently enjoining Joan Gnegy or any other potential beneficiary from asserting any claim or right to the proceeds of the Hartford policies.

3. The court grant the joint motion of the parties to disburse $20,660.67 from the interpleaded funds to Hartford through its counsel for attorney's fees and costs incurred in filing this interpleader action.

4. The court grant the joint motion of the parties to disburse the remaining interpleaded funds and accrued interest to Rebecca Reed, executor of the estate of Ann Gnegy King, for disbursal in accordance with the parties' settlement agreement.

5. The court dismiss this action with prejudice as to all parties.

The clerk is directed to transmit the record in this case to the Honorable Michael F. Urbanski, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record and also transmit this report and recommendation by certified mail to Joan Gnegy at her last known address. All persons are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within

fourteen (14) days. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection.

Enter: February 6, 2013

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge